**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **DONALD W. LEE, ID # 12080309,**               ) | |
|             Petitioner,                                            ) | |
| vs.                                                                    ) | No. 3:13-CV-0969-D (BH) |
|                                                                           ) | |
| **THE STATE OF TEXAS,**                             ) | Referred to U.S. Magistrate Judge |
|             Respondent.                                          ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** for lack of subject matter jurisdiction.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Dallas County jail, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He names the State of Texas as respondent.

Petitioner challenges his convictions in Cause Nos. F09-73042, F10-71168, and F11-51656 (Petition (Pet.) at 2). On August 9, 2010, petitioner pled guilty to delivery of a controlled substance in Cause No. F09-73042 and possession of cocaine in Cause No. F10-71168 in the 194th Judicial District Court in Dallas County, Texas, and he was sentenced to 225 days' imprisonment. (Pet. at 2; *see also* www.dallascounty.org, search cause numbers).[1] On March 10, 2011, petitioner pled guilty to theft under $500 in the 195th Judicial District Court in Cause No. F11-51656 in Dallas County and was sentenced to 60 days' imprisonment. (Pet. at 2; *see also* www.dallascounty.org,

---

[1] On August 9, 2010, petitioner also pled guilty to a second delivery of a controlled substance charge in Cause No. F09-73041 and also received 225 days in that case. He does not appear to challenge that conviction.

1

search cause number). Petitioner did not directly appeal or file state writ applications challenging any of these convictions. (Pet. at 3-4).

Petitioner is currently incarcerated in the Dallas County jail awaiting trial in Cause No. F12-63094, in which he has been charged with theft of less than $1500.[2] (*See* www.dallascounty.org, search cause number).

Petitioner mailed his federal petition on February 16, 2013. (Pet. at 10).

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is a jurisdictional prerequisite, and a petitioner must be in custody at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Generally, one satisfies the "in custody" requirement when the sentence for the challenged

---

[2] Rule 2(a) of the Rules Governing Section 2254 Cases provides that "the petition must name as respondent the state officer who has custody" of petitioner. Because petitioner is currently incarcerated in the Dallas County jail, and he apparently served his prior sentences there, Dallas County Sheriff Lupe Valdez should be substituted as the respondent in this case.

conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). While actual physical detention is not required to meet this custody requirement, there must be some restraint on the liberty of a person. *Jones v. Cunningham*, 371 U.S. 236 (1963). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

Here, petitioner is currently in custody in the Dallas County jail on a new pending case. He does not dispute that the sentences in the three cases he is challenging have been discharged. In fact, he specifically seeks the dismissal of those charges and monetary compensation for the 225 days that he was confined on those three cases. (Pet. at 7).[3] To the extent that petitioner is challenging these three sentences because they may be used for enhancement purposes in his current case, the Supreme Court held in *Maleng* that a habeas petitioner is not "in custody" under a conviction after the sentence imposed for it has fully expired merely because of the possibility of the collateral consequence that the discharged conviction would be used to enhance a subsequent conviction. *Id.* at 492.

Because he has fully discharged the sentences imposed on him, this Court is without jurisdiction to consider the merits of petitioner's federal habeas petition. Accordingly, petitioner's

---

[3] Petitioner states that he seeks "monetary compensation for pain and suffering and losses" due to his confinement. However, courts may only consider federal habeas petitions brought under 28 U.S.C. § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). If petitioner wishes to pursue his claim that he is entitled to monetary compensation, he must do so in a separate civil action filed under the appropriate statutes.

habeas petition should be dismissed for lack of subject matter jurisdiction.[4]

### III. RECOMMENDATION

Dallas County Sheriff Lupe Valdez should be substituted as respondent in this case, and the request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be **DISMISSED** for lack of subject matter jurisdiction.

**SO RECOMMENDED on this 6th day of March, 2013.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] Even if the Court found it had jurisdiction over petitioner's habeas petition, it would be barred by the one-year statute of limitations. His convictions became final in September of 2010 and April of 2011, but he did not file this petition until February of 2013, well past the one-year statute of limitations had expired for all of the convictions. *See* 28 U.S.C. § 2244(d)(1).